UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LAUSTEVEION JOHNSON,<br><br>　　　　　Plaintiff,<br>　　v.<br>ELY STATE PRISON, et al.,<br><br>　　　　　Defendants. | Case No. 3:14-cv-00122-MMD-WGC<br><br>ORDER |

## I.　DISCUSSION

On April 22, 2014, this Court issued a screening order permitting Count I to proceed, dismissing Count II with prejudice, and permitting Count III to proceed. (Dkt. no. 4 at 6-7.) On May 5, 2014, Plaintiff filed a motion that this Court construed as a motion for reconsideration regarding Count II. (Dkt. no. 6.) The Court granted Plaintiff's motion for reconsideration, rescreened Count II, and permitted Count II to proceed against Defendants Howard, Matosek, and Nakashima. (Dkt. no. 7 at 4.)

On July 22, 2014, Magistrate Judge Cobb ordered service and directed the Attorney General's Office to state if service could not be accepted for any of the named defendants. (Dkt. no. 12 at 2.) On August 12, 2014, the Attorney General's Office stated that they were accepting service on behalf of Defendants Baker, Byrne, Cox, Howard, Matosek, Moore, and Nakashima but were not accepting service for Schardin or Peltzer because the screening order did not identify any claims against them. (Dkt. no. 13 at 1-2.)

On August 22, 2014, Plaintiff filed a motion to identify unserved defendants. (Dkt. no. 14). In the motion, Plaintiff states that Schardin and Peltzer are listed in Count II as defendants. (*Id.* at 1.)

The Court grants Plaintiff's motion to identify the unserved defendants. The Court acknowledges that in the last sentence of Count II, Plaintiff states that Baker, Schardin, and Peltzer had also violated his Eighth Amendment rights by denying Plaintiff pain medication for his shoulder causing Plaintiff to suffer from shoulder pain for two years. (*See* dkt. no. 5 at 9.) The Court finds that its May 7, 2014, order, which rescreened Count II, should have also stated that Plaintiff states a colorable deliberate indifference to serious medical needs claim against Defendants Baker, Schardin, and Peltzer.

The Court clarifies that the claims shall proceed in this case as follows: (1) Count I shall proceed against Defendants Baker, Moore, Byrne, and Cox; (2) Count II shall proceed against Defendants Howard, Matosek, Nakashima, Baker, Schardin, and Peltzer; and (3) Count III shall proceed against Baker, Moore, Byrne, and Cox.

## II.   CONCLUSION

For the foregoing reasons, it is ordered that the motion to identify unserved defendants (dkt. no. 14) is granted.

It is further ordered that Count I shall proceed against Defendants Baker, Moore, Byrne, and Cox; Count II shall proceed against Defendants Howard, Matosek, Nakashima, Baker, Schardin, and Peltzer; and Count III shall proceed against Baker, Moore, Byrne, and Cox.

It is further ordered that, within twenty-one (21) days of the date of entry of this order, the Attorney General's Office shall file a revised notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing last-known-address information under seal. As to any of the named defendants for which the Attorney General's Office cannot accept service,

///

the Office shall file, *under seal*, the last known address(es) of those defendant(s) for whom it has such information.

It is further ordered that if service cannot be accepted for any of the named defendant(s), Plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For the defendant(s) as to which the Attorney General has not provided last-known-address information, Plaintiff shall provide the full name and address for the defendant(s).

It is further ordered that if the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint within sixty (60) days from the date of this order.

DATED THIS 10th day of September 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE