UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| LAUSTEVEION JOHNSON, | ) | 3:14-cv-00122-MMD-WGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | **re: Docs. ## 35, 36** |
| ELY STATE PRISON, et al., | ) | |
| Defendants. | ) | |

Before the court are Plaintiff's Motions to Compel. (Docs. ## 35, 36.)[1] Defendants have opposed. (Doc. # 38). Plaintiff has replied. (Doc. # 40.)

As to each motion, the court expresses its concern Plaintiff failed to comply with the requirements of Local Rule 26-7 and Fed. R. Civ. P. 37(a)(1), that require a litigant, before filing a discovery motion, to attempt to confer with opposing counsel to informally resolve the discovery dispute. Indeed, L.R. 26-7 further requires the moving party to include a certification in any discovery motion that he undertook to satisfy these requirements.

Defendants opposition contends Plaintiff undertook no attempt to resolve the discovery dispute informally before filing his motions, and that his motions are devoid of the required certifications. (Doc. # 38.)

Plaintiff's reply states he tried to resolve this discovery dispute by speaking directly to one of the parties, William Moore. (Doc. # 40.) It is inappropriate for one party to speak directly with an adverse party who is represented by counsel. Plaintiff's consultation, such as it was, should have been with counsel representing the Defendants, not with a party defendant.

---

[1] Refers to court's docket number.

That being said, Plaintiff represents he wrote to Defendants' counsel on November 8, 2014, asking for a discovery meeting but contends he received no response. Neither Plaintiff's motions nor his reply memo contain a copy of his November 8, 2014 letter.

While Plaintiff has failed to comply with Fed. R. Civ. P. 37(a)(1) and L.R. 26-7, the court will nonetheless address the substantive components of Plaintiff's motions.

**# 35 Motion to Compel Responses to Plaintiff's First Request for Production Nos. 2, 3, 6 & 11**

Plaintiff's motion has four components which the court will address separately:

RFP # 2   Any and all kites written by ESP inmates in 2012-2013 requesting medical attention for throat or shoulder damage as a result of the 12/21/12 prison fire, including himself and inmate Christopher Robbinson and responses to those kites.

The first limitation on permissible discovery is that it be relevant. *See, e.g., Dowell v. W.T. Griffin*, 275 F.R.D. 613, 617 (S.D. Cal. Aug. 17, 2011) (stating that the court must address whether the requested documents are relevant before engaging in the privilege analysis). Relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc., v. Sanders*, 437 U.S. 340, 351, 1978 (citing *Hickman v Taylor*, 329 U.S. 495, 501 (1947)).

The court fails to see any relevance to the information sought in this request. What happened, if anything, with respect to other inmates, would not be probative as to any alleged injuries Plaintiff received. Also, as Defendants assert, Nevada Department of Corrections (NDOC) regulations prohibit one inmate from accessing the medical records of another. AR 639 and Medical Directive 707. Plaintiff may kite the medical department to review his own records.

Defendants' objections are **sustained.**

RFP # 3   Any and all grievances and responses to grievances by ESP inmates with regard to throat damage as a result of the 12/21/12 fire, including himself and inmate Robbinson.

The court **sustains** the objections to this Request for Production for the same reason enunciated with regard to RFP #2.

RFP # 6   Any and all medical records, reports and comments made by NNCC medical staff regarding the examination of Plaintiff on 9/12/14.

Objection **sustained.**  Plaintiff is required to kite the appropriate NDOC/ESP department to review his records. Per NDOC regulations, Plaintiff is not allowed to possess medical records in his cell.

2

RFP # 11   Any and all medical reports made by ESP staff regarding injuries to and throat damage caused by the ESP fire on 12/21/12.

The court **sustains** the objections to this Request for Production for the same reason enunciated with regard to RFP #2

**#36 Motion to Compel Defendants' First Supplemental Responses**

Although Plaintiff's motion to compel attaches Defendants' First Supplemental Responses, he does not specifically identify which requests to which his motion is addressed. The court assumes, however, the requests Plaintiff has "asterisked" or "starred" are those of which he complains, i.e., RFPs 2, 3 and 6. These requests, however, are the same ones addressed by the court above with regard to Plaintiff's motion to compel # 35. The same rulings entered as to # 35 will govern motion to compel # 36.

Plaintiff's motion, however, also states he has only been afforded 15 minutes every 6 months to review his records. (Doc. # 36 at 1-2.) The court agrees that is insufficient time. Defendants' counsel is directed to ensure Plaintiff is provided adequate opportunity to review his medical records.

Plaintiff's motion to compel (Doc.# 35) is **DENIED.** Plaintiff's motion to compel (Doc. # 36) is **DENIED IN PART** and **GRANTED IN PART** consistent with this order.

**IT IS SO ORDERED.**

DATED: March 16, 2015.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

3